Justice Scalia,
concurring in the judgment.
The plurality’s opinion seems to me a faithful application of our “congruence and proportionality” jurisprudence. So does the opinion of the dissent. That is because the varying outcomes we have arrived at under the “congruence and proportionality” test make no sense. Which in turn is because that flabby test is “a standing invitation to judicial arbitrariness and policy-driven decisionmaking,” Tennessee v. Lane, 541 U. S. 509, 557-558 (2004) (Scalia, J., dissenting). Moreover, in the process of applying (or seeming to apply) the test, we must scour the legislative record in search of evidence that supports the congressional action. See ante, at 37-43; post, at 59-64 (Ginsburg, J., dissenting). This grad *45 ing of Congress’s homework is a task we are ill suited to perform and ill advised to undertake.
I adhere to my view that we should instead adopt an approach that is properly tied to the text of § 5, which grants Congress the power “to enforce, by appropriate legislation,” the other provisions of the Fourteenth Amendment. (Emphasis added.) As I have explained in greater detail elsewhere, see Lane, supra, at 558-560, outside of the context of racial discrimination (which is different for stare decisis reasons), I would limit Congress’s § 5 power to the regulation of conduct that itself violates the Fourteenth Amendment. Failing to grant state employees leave for the purpose of self-care — or any other purpose, for that matter — does not come close.
Accordingly, I would affirm the judgment of the Court of Appeals.